### GREAM v. MILLER et al.

Court of Appeals of Kentucky.

Nov. 2, 1951.

R. Hall Hood, Murray, for appellant.

Wells Overbey, Murray, for appellees.

LATIMER, Justice.

Lucille Gream instituted this action against H. F. Miller and his father, Earl Miller, seeking damages for personal injuries sustained in a collision between an automobile belonging to Earl Miller and driven by his son, H. F. Miller, and one driven by James Fouch, brother of appellant, in which appellant was riding as a passenger. The jury found for the defendant. Reversal is sought chiefly on the grounds that the court erred: (1) In admitting incompetent evidence; (2) in giving its instruction on contributory negligence.

The collision occurred on a highway about four miles west of Murray. Appellant and her brother, James Fouch, testified that at the point of collision Fouch was driving his car on his right-hand side of the highway and that H. F. Miller in "rounding" a curve at that point suddenly swerved his car to the left, crossed the center line and collided head on with the car operated by James Fouch.

H. F. Miller stated that as he approached the point of collision the Fouch car was in his (Miller's) lane of traffic; that he thought Fouch would direct his car back into his own lane of traffic, and that when he failed so to do, Miller then suddenly swerved his car to his left in order to avoid a head-on collision. He was substantially corroborated in this testimony by Charles D. Butterworth, a passenger in Miller's car.

The cars came to a stop on Fouch's side of the road. Pictures taken at the scene of the accident disclosed skid marks in Miller's lane of traffic showing that for some little distance Miller had applied his brakes. No such skid marks were shown to have been made by the Fouch car.

Glass and debris caused by the collision would indicate its occurrence a little to the left of Miller's lane of traffic, yet about the center of the road. The contradictions appear as to the position of Fouch's car. Fouch and his sister say they were on their right. Miller and Butterworth say Fouch was driving in Miller's lane of traffic. There is agreement that Miller did swerve his car to his left.

In their answer the Millers pleaded contributory negligence. They charged that at the time and place of the accident and for several hours prior thereto James Fouch was drunk; that, while under the influence of intoxicating liquor, he drove his car upon the highway; and that Lucille Gream, knowing of his condition and the careless and reckless manner in which he drove his car, not only rode but continued to ride with her brother.

The chief complaint by appellant is concerning the incompetent evidence admitted in support of or as a basis for the instruction given concerning contributory negligence.

■ The zeal with which the defendants below undertook to establish drunkenness is first evidenced in the answer. As a portion of that pleading, defendant undertook to plead a conviction for reckless driving at a trial had after the accident. The court properly struck this pleading from the answer. It will be noted that the answer charged that, "at the time of the accident and prior thereto," James Fouch was under the influence of intoxicating liquor.

■■ Appellant directs our attention to the fact that there is no evidence in support of drunkenness prior to the accident. The position is taken that there must have been not only a showing of drunkenness before the accident but also a showing that appellant knew of this drunkenness. The only competent evidence in this record relative to same is the discovery of a one-half pint bottle about half full of liquor in Fouch's car. This was discovered some time after the accident. There is also testimony of a Mr. Kelso who drove Fouch and his sister to the hospital. Kelso testified that he smelled liquor on the breath of Fouch. He,

at no time, stated that Fouch was drunk. Certainly the evidence of the smell of liquor on the breath of Fouch immediately following the accident is competent. Also evidence as to his appearance, relative to being drunk or sober, immediately following the accident would be competent. To require proof positive that a person was known to have been drunk immediately before or at the time of the accident would be exacting too great a burden. It would be easily possible for a person to drink alone and become highly intoxicated when no other person knows about it, and while in that condition proceed to drive his car on the highway. The only evidence that could be procured as to his condition would be that relative to his condition immediately after the accident. However, the serious question as to the incompetency of evidence presents itself when we consider the testimony of Douglass Jones, a cab driver, who was permitted to testify, over the objections of plaintiff, that later that evening or night after the accident when he took Fouch back to the scene of the accident, Fouch was or had been drinking. Then, on cross-examination, James Fouch was required to testify, over objections, that he did drink some liquor the night following the accident and also on the following day.

Our attention is further directed to the testimony of Mr. Wendall Patterson, one of the officials who found the liquor in the car after the accident, who testified that he saw Fouch at about 8:00 or 8:30 that night at the home of Fouch's father and when asked as to his condition said, "I taken him to be a man drinking." He was permitted to testify that at that time he had a warrant for Fouch's arrest; that he did not arrest him at the time but permitted him to stay at home with the understanding that he would come to the court the next morning at 9:00 o'clock. He was permitted to testify that on the following morning he received information that Fouch was drunk.

■ Obviously, the admission of this evidence of drinking long after the time of the accident was incompetent and prejudicial and for that reason the judgment will have to be reversed.

■ We now consider briefly the second proposition. We cannot say that there is no basis in the evidence for an instruction on contributory negligence. We think the instruction as given was clear and understandable and was sufficient fairly to inform the jury as to the applicable law.

The judgment is reversed for proceedings consistent herewith.